```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                   MIDDLE DISTRICT OF PENNSYLVANIA


MAURICE TODD,                    :
                                 :
        Plaintiff                :    CIVIL NO. 1:13-CV-00579
                                 :
    vs.                          :
                                 :
RONNIE R. HOLT,                  :    (Judge Kane)
et al.,                          :
                                 :
        Defendants               :
```

**MEMORANDUM**

**Background**

On March 1, 2013, Plaintiff Maurice Todd, an inmate at the United States Penitentiary at Canaan, Waymart, Pennsylvania ("USP-Canaan"), filed a <u>Bivens</u>-styled complaint pursuant to 28 U.S.C. § 1331[1] relating to the food service at the prison. Todd named Warden Ronnie Holt and Dashawn China, Assistant Food Service Administrator, as defendants. By order of April 24, 2014, all claims against Warden Holt were dismissed.

On February 12, 2015, Defendant China filed a motion to dismiss and/or for summary judgment, and a brief in support

---

1.  28 U.S.C. § 1331 states as follows: "The district court shall have original jurisdiction of all actions arising under the Constitution, laws, or treaties of the United States." <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1977), stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." <u>Butz v. Economou</u>, 438 U.S. 478, 504 (1978).

thereof. In addition, China filed a statement of material facts in accordance with Local Rule 56.1. Todd failed to filed a brief in opposition. Consequently, the Court, by order of December 17, 2015, directed Todd to file a brief in opposition to Defendant's motion to dismiss and/or for summary judgment (Doc. 46) within twenty-one (21) days of the date of the order or the court would deem the motion unopposed. The order further advised Plaintiff that failure to comply with the order would result in the dismissal of Plaintiff's complaint for failure to prosecute and abide by a court order. There is no indication on the docket that Plaintiff did not receive the order of December 17, 2015.

Generally, a dispositive motion may not be granted merely because it is unopposed. However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal

>> Rule of Civil Procedure 41(b) . . . .

Id. at 629-30.  The Court of Appeals for this circuit held in Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint.  However, the Court of Appeals did not vitiate the Supreme Court's decision in Link, Rule 41(b) of the Federal Rules of Civil Procedure or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order.  Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis.  There may be some cases where the failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked.  <u>Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked</u>.

Id. at 30 (emphasis added); see also Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) ("Poulis did not provide a magic formula

whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . [N]ot all of the Poulis factors[2] need be satisfied in order to dismiss a complaint. Instead, the decision must be made in the context of the district court's extended contact with the litigant. Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by [the Court of Appeals].").

Though the deadline for filing a brief, i.e., January 14, 2016, has passed, Plaintiff has neither filed a brief, nor has he requested an additional extension of time in which to do so. A standing practice order was issued on March 1, 2013, which advised Plaintiff of the requirements of Local Rule 7.6, and he was specifically directed on December 17, 2015, to comply with Local Rule 7.6 by filing a brief in opposition. It appears that Plaintiff has wilfully declined to file a brief and that he bears responsibility for failing to oppose the motion. Plaintiff has

---

2. The Court of Appeals in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984) identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement. The six factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

previously been cautioned by the court regarding filing obligations and has demonstrated a recognition and understanding of court deadlines by inviting the court to sanction Defendant when Plaintiff believed Defendant failed to satisfy deadlines (Doc. 44.)  Plaintiff also ignored an earlier ruling of this court citing the necessity of an amended complaint alleging personal injury to support Plaintiff's claim for monetary relief. (Doc. 34.)  This case has been pending for almost three years and any further delay is unwarranted.  Having considered the <u>Poulis</u> factors, this Court can only conclude that Plaintiff's failure to comply with the court order of December 17, 2015, outweighs any of the other considerations set forth in <u>Poulis</u>.  In all, the record suggests that Plaintiff may have abandoned his claims or is intentionally disregarding the orders of the court.  (Docs. 28, 31, 41, 46.)  The Court will, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, dismiss Plaintiff's complaint both for failure to prosecute and for failure to comply with a court order.

      An appropriate order will be entered.